IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANTWUNE JENKINS | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-238 |
| GEORGIANA NCHOTEBAH, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Antwune Jenkins, an inmate previously confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Georgiana Nchotebah and Christopher Rogers.

This civil rights action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed a motion for preliminary injunction and temporary restraining order. Defendants have filed a response, and the matter is now ripe for review.

Discussion

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Perusahaan*

*Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co.*, 335 F.3d at 363.

Plaintiff's complaint concerns alleged violations of his constitutional rights while he was confined at the Gib Lewis Unit in 2019. In his motion for injunctive relief, Plaintiff alleges his constitutional rights are being violated at the Hughes Unit, where Plaintiff is currently confined. Plaintiff has not demonstrated that the named defendants in this action currently pose a threat to him at the Hughes Unit. Because Plaintiff has not shown a substantial threat of irreparable harm, his motion for injunctive relief should be denied. If Plaintiff wishes to pursue claims against prison officials at the Hughes Unit, he should do so by filing a separate civil rights action.

## Recommendation

Plaintiff's motion for injunctive relief should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 20th day of August, 2022.

_____
Zack Hawthorn
United States Magistrate Judge