IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANTWUNE JENKINS | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-238 |
| GEORGIANA NCHOTEBAH, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

 Plaintiff Antwune Jenkins, an inmate previously confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Georgiana Nchotebah and Christopher Rogers.

 The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

 Defendant Rogers filed a motion for summary judgment. This Report and Recommendation considers the merits of the motion.

Factual Background

 Plaintiff claims he has difficulty walking due to a medical condition. Plaintiff alleges he saw Defendant Nchotebah, a nurse practitioner employed at the Gib Lewis Unit, multiple times for various health-related issues, and she is aware he has physical limitations. Plaintiff was temporarily transferred from the Gib Lewis Unit to the Estelle Unit for physical therapy. Plaintiff refused to participate in physical therapy, and he was returned to the Gib Lewis Unit on March 6, 2019.

When he arrived at the Gib Lewis Unit on March 6, 2019, Plaintiff asserts he was in pain from the long bus ride. Plaintiff alleges prison officials tried to make him walk 500 yards carrying his personal property. Plaintiff states that he mistakenly believed he had a 50-yard walking medical restriction, but the walking restriction had been removed by a physician at the Estelle Unit. Plaintiff sat on the ground and refused to walk. A member of the security staff charged Plaintiff with a disciplinary infraction for refusing to obey an order, and then Plaintiff was brought in a wheelchair to the medical department for a prehearing detention physical.

Defendant Nchotebah, a nurse practictioner, was working in the medical department. Plaintiff alleges Defendant Nchotebah told the security staff that she had reviewed Plaintiff's medical records for 20 minutes, that there was nothing wrong with Plaintiff, and that he could walk. The security staff tried to make Plaintiff walk to his cell, but Plaintiff sat down again because he had numbness and pain in his legs and back. Plaintiff was then brought to the administration building. Plaintiff alleges Defendant Rogers and another officer "mandandle[d]" Plaintiff to pick him up and "practically dragg[ed]" him. Plaintiff alleges he almost fell and reached to grab a post to keep from falling. When Plaintiff moved his arm to prevent a fall, Defendant Rogers said that Plaintiff was swinging his arm at him. Plaintiff claims he was thrown down to the ground face first, handcuffed and shackled, and then Defendant Rogers hit and choked him.

<u>Defendant Rogers' Motion for Summary Judgment</u>

Defendant Rogers contends that he is entitled to qualified immunity because there is no evidence to support Plaintiff's claim of excessive force. In support of the motion, Defendant Rogers submitted the affidavit of Dr. Thomas Donohue (Exhibit A), Plaintiff's relevant medical records

(Exhibit B), the relevant use of force records (Exhibit C), the use of force videotape (Exhibit D),[1] and Plaintiff's relevant disciplinary records (Exhibit E).

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases,

---

[1] The use of force videotape does not show the use of force. It starts when Plaintiff is in the medical clinic and ends when he is placed in a holding cell.

3

courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is intended to protect all officials, except those who are plainly incompetent or who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Federal courts use a two-part test to determine

4

whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). The first prong of the test requires the court to determine whether the plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Plaintiff's allegations meet the second prong of the test because it was clearly established at the time of the alleged violations that the use of excessive force violates a prisoner's Eighth Amendment constitutional right to be free from cruel and unusual punishment. Thus, the court must determine whether Plaintiff has alleged facts sufficient to state an Eighth Amendment claim against Defendant Rogers.

*Excessive Force*

In addressing an excessive use of force claim, analysis begins by identifying the specific constitutional right allegedly infringed upon by the challenged application of force. *Graham v. Connor*, 490 U.S. 386 (1992). The claim of a convicted prisoner is judged against the Eighth Amendment standard set out in *Hudson v. McMillian*, 503 U.S. 1 (1992). "Whenever prison officials

5

stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7 (*quoting Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Several factors are relevant in determining whether the force used was excessive: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. The Eighth Amendment prohibition against cruel and unusual punishment "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9, *quoting Whitley*, 475 U.S. at 327; *see Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (spraying inmate with a fire extinguisher after the fire was out was a de minimis use of physical force and was not repugnant to the conscience of mankind where the inmate suffered no physical injury).

Plaintiff stated, under penalty of perjury, that Defendant Rogers struck him and choked him without cause. Defendant Rogers offers a different account of the incident, alleging that Plaintiff hit him with his fist, and Defendant Rogers responded by punching Plaintiff twice and then putting Plaintiff on the ground until he was handcuffed. At the summary judgment stage, the court may not make credibility determinations and must accept Plaintiff's version of the facts as true. There is a genuine issue of material fact regarding the circumstances of the use of force, and Defendant Rogers

is not entitled to qualified immunity at this stage. Thus, the motion for summary judgment must be denied.

### Recommendation

Defendant Rogers' motion for summary judgment should be denied.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 23rd day of August, 2022.

_____
Zack Hawthorn
United States Magistrate Judge