IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANTWUNE JENKINS | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-238 |
| GEORGIANA NCHOTEBAH, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Antwune Jenkins, a prisoner previously confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Georgiana Nchotebah and Christopher Rogers.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted two Reports and Recommendations of United States Magistrate Judge. The magistrate judge recommends granting Defendant Nchotebah's motion for summary judgment and denying Defendant Rogers' motion for summary judgment.

The court has received and considered the Reports and Recommendations of United States Magistrate Judge filed pursuant to such order, along with the record and the pleadings. Plaintiff filed a Brief in Response to Sealed Motion for Summary Judgment, which the court liberally construes as objections to the magistrate judge's Reports and Recommendations.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). Plaintiff's objections primarily focus on the Report

and Recommendation concerning Defendant Nchotebah's motion for summary judgment. After careful consideration, the court concludes the objections are without merit.

Plaintiff disputes the timeline documented in the medical records, which he contends is inaccurate, but the magistrate judge's analysis did not rely on the timeline set forth in the medical records. For purposes of the Report and Recommendation, the magistrate judge accepted Plaintiff's allegation that Defendant Nchotebah told one or more members of the security staff that Plaintiff was able to walk before the use of force occurred. Plaintiff seems to believe that the magistrate judge found that his back pain was not a serious medical condition or caused by a serious medical condition, but the magistrate judge assumed the condition was serious for purposes of the Report and Recommendation. Plaintiff also submitted a number of medical records documenting that Defendant Nchotebah had treated him before, and after, March 6, 2019. Plaintiff claims those interactions should have made Defendant Nchotebah aware that he could not walk long distances. However, when Defendant Nchotebah reviewed the medical records on March 6, 2019, they documented that Plaintiff did not have a wheelchair pass or a walking distance restriction because they had recently been discontinued by a physician who had evaluated Plaintiff's condition since she had last seen him.

Viewing the record in the light most favorable to Plaintiff, he has not shown a genuine issue of material fact that Defendant Nchotebah violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs. Therefore, Defendant Nchotebah is entitled to qualified immunity.

## ORDER

Accordingly, Plaintiff's objections (document no. 71) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the reports of the magistrate

judge (document nos. 67 and 68) are **ADOPTED**. Defendant Rogers' motion for summary judgment (document no. 42) is **DENIED**. Defendant Nchotebah's motion for summary judgment (document no. 39) is **GRANTED**, and Defendant Nchotebah is **DISMISSED** from this action.

**SIGNED** this the **21** day of **September, 2022.**

_____
Thad Heartfield
United States District Judge